WILLIAM WHARTON, JR., & COMPANY (Incorporated), Appellant, v. CHARLES F. WINCH, Respondent.

Where a contract for railroad construction provides for payment in installments as the work progresses, a failure to pay an installment when due is not such a breach of the entire contract as to authorize the contractor to refuse to proceed further and to recover the profits which he would have earned had the contract been fully performed.

In case of such failure, the contractor may either at once rescind the contract and recover for materials furnished or services rendered, or he may proceed with performance and bring suit to recover the past due installment.

Where an action is brought by the contractor before completion of the contract, to authorize a recovery of prospective profits a willingness on his part to complete the work, and a refusal of defendant to be further bound by the contract, or an abandonment of it by him, must appear.

Mere delay, however, in making the payments may be so inexcusable or unreasonable, or so indicative of an utter inability to perform the entire contract, as to be equivalent to a refusal to perform and a denial of plaintiff's right to proceed under it.

(Argued October 4, 1893; decided December 5, 1893.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made July 26, 1892, which overruled plaintiff's exceptions, taken upon a trial which resulted in a verdict in favor of defendant directed by the court, denied a motion for a new trial and directed judgment in favor of defendant.

This was an action to recover damages for an alleged breach of contract.

The facts, so far as material, are stated in the opinion.

*George W. Wickersham* for appellant.    The defendant's failure to make the payments stipulated to be made upon the delivery in Lincoln of the materials needed for the construction of the tracks, constituted a breach of the contract on his part, which conferred upon the plaintiff the right either to rescind or to sue generally for damages for a breach of the contract.  (*Higgins* v. *R. R. Co.*, 60 N. Y. 552 ; *Ryan* v. *Cockran*, 90 id. 685 ; 16 Wkly. Dig. 146 ; *Taylor* v. *Saxe*, 31 N. E. Rep. 258.)   The payment by the defendant of installments of the consideration money, when and as the same were provided in the contract to be made, were conditions precedent to the plaintiff's duty to go on with the work.   The agreements to pay and to perform were dependent covenants, and the plaintiff having delivered the rails and materials in Lincoln, it became the defendant's duty to forthwith pay the stipulated price therefor.  (*Parmelee* v. *R. R. Co.*, 6 N. Y. 80 ; Hare on Cont. 594 ; *Dunham* v. *Mann*, 10 N. Y. 508 ; *Cunningham* v. *Morrell*, 10 Johns. 203 ; *Grant* v. *Johnson*, 5 N. Y. 247 ; *Fletcher* v. *Cole*, 23 Vt. 114.)   The defendant's failure to make payment for the materials when delivered in Lincoln, as provided by the contract, was a distinct breach on his part, which subjected him to all of the consequences of a breach of the entire contract.  (*Graves* v. *White*, 87 N. Y. 465 ; *Parr* v. *Greenbush*, 112 id. 260 ; *Norrington* v. *Wright*, 115 U. S. 188 ; *Cle. R. Mills* v. *Rhodes*, 121 id. 255 ; *Nightingale* v. *Iseman*, 121 N. Y. 288.)   There is no difference between the failure to make stipulated payments, and any other breach of the contract.   (*R. R. Co.* v. *Howard*, 13 How. Pr. 330 ; *Honck* v. *Muller*, L. R. [7 Q. B.] 800 ; *Hoare* v. *Rennie*, 5 H. & N. 19 ; *Withers* v. *Reynolds*, 2 B. & A. 882 ; *Thomas* v. *Stewart*, 132 N. Y. 580 ; *Nichols* v. *S. S. Co.*, 137 id. 471 ; *Dunham* v. *Mann*, 7 id. 512 ; *Pierce* v. *Bouton*, 17 Wkly. Dig. 145 ; *Dwinell* v. *Howard*, 30 Maine, 258 ; *Bollman* v. *Burt*, 64 Md. 415 ; *R. R. Co.* v. *Smith*, 75 Ill. 496 ; *G. R. R. R. Co.* v. *Van Dusen*, 29 Mich. 431 ; *C. Co.* v. *Gordon*, 6 Wall. 560 ; *P., etc., C. Co.* v. *Seymour*, 91 U. S. 646 ; *U. S.* v. *Behan*, 110 id. 338.)   While it is submitted that it is entirely immate-

rial whether the defendant failed to make the stipulated pay-
ments because of temporary pecuniary embarrassment, or with
the intention of abandoning the contract, still, tested by such
rule, the plaintiff is entitled to recover, and if there be any
doubt of such intention on the evidence, it was error in the
trial judge not to submit that question to the jury. (Hare on
Cont. 575.) If there was such a breach of the contract as jus-
tified rescission, the aggrieved party may also stand on the con-
tract and sue for damages; there is no distinction in principle;
both rights rest upon the defendant's breach. (*Johnson* v.
*Milling*, L. R. [16 Q. B. Div.] 640; *Jones* v. *Judd*, 4 N. Y.
412; *Graves* v. *White*, 87 id. 465; *Parr* v. *Vill. of Green-
bush*, 112 id. 260.) The plaintiff did not rescind the contract
upon defendant's breach. (Freeman on Judgments [4th ed.],
§ 257; *Taylor* v. *Sachs*, 21 N. E. Rep. 258.) The plain-
tiff is entitled to recover as damages for the breach of the
contract, compensation for the services already performed, and
damages for having been prevented from completing its con-
tract, *i. e.*, the profits which it would have realized had the
defendant kept his part of the contract and enabled it to
complete the work. (*U. S.* v. *Behan*, 110 U. S. 339; *Mas-
terson* v. *Mayor, etc.*, 7 Hill, 69; *Butler* v. *Butler*, 32 N. Y.
470; *Messmore* v. *N. Y. S. & L. Co.*, 40 id. 422; *Devlin* v.
*Mayor, etc.*, 63 id. 8.)

*Charles E. Rushmore* for respondent. The contract was
an entire one, and the plaintiff cannot recover prospective
profits as damages for a breach thereof without proof of the
complete performance of the contract on its part, or unless
it can be shown that the defendant failed to perform a portion
of the contract which amounted to a condition precedent, or
that he prevented the performance of the contract on the part
of the plaintiff, or unless an intention on defendant's part to
abandon the contract is proven. (*M. Foundry* v. *Hovey*, 21
Pick. 471; *Freeth* v. *Burr*, 9 C. P. 208; *M. S. & I. Co.* v.
*Naylor*, 9 App. Cas. 438; *Norrington* v. *Wright*, 115 U. S.
188; *Canal Co.* v. *Gordon*, 6 Wall. 561; *P. Co.* v. *Seymour*,

91 U. S. 646; *Dubois* v. *D. & H. C. Co.*, 4 Wend. 290; *Moore* v. *Taylor*, 42 Hun, 45.) Both parties having moved for the direction of a verdict, the decision of the trial judge should be upheld, if there is any evidence to support it. (*Dillon* v. *Crofton*, 90 N. Y. 619.)

MAYNARD, J. Defendant was the contractor for the construction of a street railway in Lincoln, Nebraska, and entered into an agreement with plaintiff by the terms of which the latter was to furnish the materials and labor for the entire construction of the railway tracks in consideration of the sum of $56,000, to be paid by the defendant as follows: $5,000 within five days after the execution of the agreement; the market value with the freight added of the materials needed for the construction of the tracks whenever and as soon as delivered in Lincoln; $11,200 when a half mile of double track shall have been laid, less the amount previously paid for materials used in its construction, and similar payments for each half mile of double track laid. The $5,000 first paid was to be deducted from the last payment due. The plaintiff began the construction of the tracks, and at the request of the defendant prepared to first lay down a single track for the whole distance of two and one-half miles, instead of constructing both tracks simultaneously, and on Nov. 9, 1887, notified the defendant that all the materials for the construction of the single track were in Lincoln and the plaintiff was ready to proceed to lay the track upon receipt of $12,000, the cost of the material. The plaintiff's place of business was at Philadelphia and that of the defendant in New York, and it is evident that defendant expected to raise the money in Lincoln from the sale of stock and bonds of the railway company to parties there, and he immediately informed plaintiff that he had received word from Lincoln and that the check for the materials was on the way and would be forwarded without delay. The check, however, did not arrive, and there was further correspondence in which defendant explained the failure to make payment as expected, but on Nov. 12th he

forwarded a check for $4,000, and requested plaintiff to go ahead with the work at once without fail, saying that as soon as plaintiff began work the parties at Lincoln would send more money. Plaintiff replied on the 14th that it would begin work, but the amount sent was so small that it would have only a small portion of the work done. Defendant again promised $5,000 or $10,000 cash by the next Wednesday, or other security, and urged plaintiff to keep working at Lincoln. Two days later plaintiff wrote defendant that it would lay down a half mile of single track, and after recalling the terms of the contract and showing how it had not been kept by defendant, the plaintiff further stated that it most certainly did not intend to lay any more than the one-half mile of single track until defendant made payment as agreed.

Neither cash nor securities were forthcoming, and Nov. 23 plaintiff telegraphed defendant that its men were idle at Lincoln and it should order them home in forty-eight hours. The defendant replied proposing other security and urging plaintiff to lay a half mile more before December 1st. Plaintiff telegraphed requesting defendant to come over the next day and bring the proposed security, and that probably they could arrange matters. Defendant replied that he would be there, but did not come. December 2d plaintiff wrote defendant, formally notifying him that his failure to comply with the terms of the contract had been the cause and was still the cause of considerable loss; that there were constantly daily expenses accruing for men, interest on materials, etc., which it would look to him to make good, and further notifying him that in view of the breach of the contract on the part of the defendant the plaintiff did not consider itself further bound thereby. The defendant replied the next day that he had telegrams and letters from plaintiff stating that it should withdraw its men from Lincoln on a specified date, and that if it had not done so the delay was upon its own responsibility. After this there was some correspondence with reference to the substitution of other parties in place of the defendant, but the plaintiff stated that the negotiations were favored with the

full understanding that the defendant, by his own acts of omission to make payments as agreed upon, had already canceled the contract, provided the plaintiff chose to have it canceled. These negotiations failed, and no further work was done by plaintiff under the contract, and no further payments made by defendant. The plaintiff brought this action Nov. 10, 1888, to recover the damages sustained by defendant's breach of the contract. The contract price of the one-half mile of road constructed, including the materials, was $5,600, and the whole amount received under the contract was $9,560. The plaintiff has thus received from defendant $3,960 more than the contract price of that part of the road actually built, but it claims that if it had been allowed to complete the construction of the road and had been paid for it according to the contract, that it would have made a profit of $13,871, and that it has, therefore, sustained damage to the amount of $9,911, and it is that sum which it seeks to recover in this action. The sole question presented for judicial decision is whether, upon the facts proven in this case, the plaintiff is entitled to recover prospective profits because of the failure of the defendant to pay the installment of the contract price which fell due upon the delivery of the material at Lincoln on Nov. 9th. The execution of the contract, and what the parties did under it, and what they failed or refused to do, are all matters about which there is no conflict or dispute in the testimony given upon the trial, and at the close of the evidence both parties requested the direction of a verdict, and the motion of the defendant was granted, to which the plaintiff excepted. The plaintiff then requested the court to submit to the jury the question whether or not the evidence in this case did not evince an intention on the part of defendant not to comply with the terms of the contract, and a total failure on his part, which was declined and an exception taken.

In view of the structure of this contract it would seem to be clear that the mere failure of the defendant to make punctual payment of an installment due according to its provisions

was not such a breach of the entire contract as to permit the plaintiff to refuse to proceed further under it, and recover damages for the profits which he would have earned had the contract been fully performed on his part.

In the able and elaborate brief submitted by the learned counsel for the appellant our attention has not been called to any case where the contrary of this proposition has been maintained. While the question does not seem to have been the subject of frequent discussion in this state, authority is not wanting to support this view.

In *Moore* v. *Taylor* (42 Hun, 45), the plaintiff sought to recover prospective profits upon the failure to pay an installment under a contract for railroad construction similar in its important features to the one before us, and it was held by the General Term of the fifth department, Judge BRADLEY delivering the opinion of the court, that mere default in the payment of an installment when it becomes due is not such a denial of the right of the contractor to continue in the performance of the service, as in legal effect to constitute a breach of the entire contract. Such a failure is not of itself equivalent to a refusal on the part of the defendant to be further bound by the contract or to an abandonment of its provisions by him. This rule was clearly recognized by this court in *Nichols* v. *Scranton Steel Co.* (137 N. Y. 471), where it was held that under a contract to deliver iron in specified portions monthly, the delivery for each month to be paid for on the 27th of the following month, the refusal to be further bound by the terms of the contract, or to accept further deliveries and to give notes already demandable, and to give any more notes at any time or for any purpose in the future, or to pay moneys at any time which were eventually to be paid under the contract, that all these things constituted a breach of the contract as a whole and gave a present right of action to recover damages sustained thereby.

It is undoubtedly true that the defendant's failure to pay the installment was such a breach of the contract as absolved the plaintiff from all obligation to further per-

form. on his part while the default continued. Nor was he bound to grant the defendant any indulgence and wait for any period of time in order to enable him to make good his broken promise. In that sense punctual payment was a condition precedent. The obligation of the plaintiff to proceed under the contract depended upon it. If it was not fulfilled, one of two courses was open to the plaintiff. He might at once rescind the contract and refuse to go on, and immediately recover for the materials furnished and services rendered under it; or he might proceed with the performance of the contract on his part, and at the same time, if he chose, bring suit to recover the past due installment. In the present case the trial court has found that the plaintiff elected to rescind the contract, and as he had already received more than sufficient to compensate him for the work done under it, that he can recover nothing in this action. This finding has ample support in the evidence contained in the record. The plaintiff did not ask to go to the jury upon this question, and we are concluded by the verdict directed, even if conflicting inferences might be drawn from the acts and declarations of the parties.

The plaintiff did request that the jury might be permitted to determine whether the defendant had not abandoned the contract in its entirety; but before that question could be reached the court was required to decide whether there had not been a rescission and abandonment of the contract by the plaintiff, and having determined that issue adversely to the plaintiff, there could be no recovery. One week after payment became due plaintiff notified defendant that it would not lay any more than one-half mile of single track until more money was sent. The next day it telegraphed the work would stop if more funds were not sent; six days later it telegraphed that the workmen would be ordered home unless the money was received in forty-eight hours; and on December 2d it formally notified defendant that it did not consider itself as further bound by the contract. This all occurred within twenty-three days of the time when the installment became

due, and while the defendant was importuning the plaintiff to go on with the work, and had remitted four thousand dollars in part payment, and was endeavoring to obtain the means with which to pay the balance. What may have subsequently occurred is not important, except that it may be observed that in the future correspondence plaintiff is careful to insist that it must be understood that the contract is canceled, if it chose to regard it canceled. At the time when, according to the finding of the trial court, there had been a rescission and abandonment of the contract by the plaintiff, the conduct of the defendant had not been such as to indicate an intention on his part to abandon it. He had then advanced nearly $4,000 in excess of the contract price of the work actually done, and every motive of self-interest would lead him to desire to secure full performance. There might be cases where mere delay in making the stipulated payments might be so inexcusable or unreasonable, or so indicative of an utter inability to perform the entire contract as to be equivalent to a refusal to perform, and a denial of the plaintiff's right to proceed under it, but there is no proof in this record from which an abandonment by the defendant can be inferred prior to the time when the plaintiff must be deemed, for the purposes of this appeal, to have elected to terminate the contract.

But my brethren, while concurring as to the legal effect of a rescission and abandonment of the contract by the plaintiff, do not agree with me as to the conclusiveness of the verdict upon the record now here. As the plaintiff excepted to the direction of a verdict for the defendant, and requested to have the question submitted to the jury, whether upon all the evidence there was not a total abandonment of the contract by the defendant, it is thought that he is not precluded from now insisting that if the defendant relied at the trial upon a rescission of the contract by the plaintiff, that question should also have been submitted to the jury upon all the evidence in the case.

In this view the jury should have been instructed that if,

from all that occurred between the parties relating to this controversy, they found that the plaintiff elected to rescind the contract because of the defendant's default in not making payment as agreed, the plaintiff was not entitled to recover; but if they found that there had been no rescission and that the acts, conduct and declarations of the defendant were equivalent to an abandonment by him of the contract in its entirety, the plaintiff was entitled to recover prospective profits as damages, less the amount received by him in excess of the value of the work done and materials furnished.

All concur, except MAYNARD, J., for reversal and a new trial upon the grounds that the jury should have been instructed that if (from all that occurred between the parties) they found that the plaintiff elected to rescind the contract because of defendant's default in not making payment as agreed, the plaintiff was not entitled to recover; but if they found that there had been no rescission, and that the acts, conduct and declarations of the defendant were equivalent to an abandonment by him of the contract in its entirety, the plaintiff was entitled to recover prospective profits as damages, less the amount received by him in excess of the value of the work done and materials furnished.

MAYNARD, J., votes for affirmance, for the reasons stated in his opinion.

Judgment reversed and a new trial granted, costs to abide the event.