(26 App. Div. 539.)

• DEVOY et al. v. NEW YORK CUT–FLOWER CO.

(Supreme Court, Appellate Division, Second Department. March 29, 1898.)

1. CONTRACT—MUTUAL PERFORMANCE.
　　While one party to a contract will not be relieved from its obligations by mere technical, inadvertent, or unimportant omissions or defects in performance by the other party, it is otherwise where there is a positive and willful refusal by the latter to perform, and the defects of performance are so essential as substantially to defeat the object which the parties intended to accomplish.

2. SAME—QUESTION OF FACT.
　　Whether, in any case, such defects or omissions are substantial or merely unimportant mistakes, that have been or may be corrected, is generally a question of fact.

Appeal from trial term.    •

Action by Thomas Devoy and Peter T. Devoy against the New York Cut-Flower Company to recover money deposited by plaintiffs with defendant as a guaranty that plaintiffs would perform on their part the contract between them, together with damages for the breach thereof by defendant.    From a judgment for defendant, dismissing the complaint, plaintiffs appeal.    Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Frank B. Lown, for appellants.

Alfred A. Gardner (William J. Kelly, on brief), for respondent.

CULLEN, J.    I think the evidence on the part of the plaintiffs was sufficient, in the absence of explanation by the defendant, to require the submission of the case to the jury.    The contract obligated the defendant to pay to the plaintiffs, at the end of each week, the amount due for the flowers consigned by them during the week previous. The defendant did not comply with this provision in the case of any week's sale during the period of five weeks for which the contract was performed, but always was several days behindhand in its payments.

In Wharton v. Winch, 140 N. Y. 287, 35 N. E. 589, it is said:

> "It is undoubtedly true that the defendant's failure to pay the installment was such a breach of the contract as absolved the plaintiff from all obligation to further perform on his part while the default continued.  Nor was he bound to grant the defendant any indulgence, and wait for any period of time in order to enable him to make good his broken promise.  In that sense, punctual payment was a condition precedent.  The obligation of the plaintiff to proceed under the contract depended upon it.  If it was not fulfilled, one of two courses was open to the plaintiff.  He might at once rescind the contract, and refuse to go on."

See, also, Moore v. Taylor, 42 Hun, 45.

We do not mean to say that every default or delay in payment, resulting from inadvertence, inability to make up accounts, or some cause of that character, would relieve the plaintiffs from the obligation of their contract.

> "The right of a party to enforce a contract will not be forfeited or lost by reason of technical, inadvertent, or unimportant omissions or defects.  ✳ ✳ ✳ There must be no willful or intentional departure, and the defects of performance must not pervade the whole, or be so essential as substantially to defeat the object which the parties intended to accomplish.  Whether, in any case, such defects or omissions are substantial or merely unimportant mistakes, that have been or may be corrected, is generally a question of fact."  Miller v. Benjamin (N. Y. App.) 37 N. E. 631.

On the occasion when the plaintiffs terminated the contract, they demanded the payment then due them.    This was refused.    It was incumbent on the defendant to show an excuse for such refusal, and the sufficiency of the excuse was for the jury.

I am also of opinion that the evidence as to the grade and price allowed for the plaintiffs' flowers was sufficient, in the absence of explanation, to warrant the inference that the plaintiffs had not been

fairly treated, or the contract carried out by the defendant. I can see that an explanation might be made by the defendant so clear as to justify the court in disposing of this issue, but, in the absence of explanation, the question was for the jury.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.