## WIESER v. TIMES REALTY & CONST. CO.

(Supreme Court, Appellate Term. June 5, 1908.)

1. DAMAGES—MEASURE OF DAMAGES—BREACH OF EXECUTORY CONTRACT.

One who has been deprived of the profits of an executory contract may recover by way of damages the difference between the contract price and the amount which it would have cost him to perform the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 285-338.]

2. ACTION—SINGLE CAUSE—QUANTUM MERUIT AND PROSPECTIVE PROFITS.

A complaint for work and material furnished under a contract and for prospective profits, where defendant refused to permit the completion of the contract and had paid nothing thereon, states but a single cause of action, and a motion to separate and number the causes of action is properly denied.

Appeal from City Court of New York.

Action by Elias L. Wieser against the Times Realty & Construction Company. From an order denying a motion to compel plaintiff

to separately state and number the alleged causes of action, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

J. C. Wechsler, for appellant.
Herman & Hirschman, for respondent.

GERARD, J. This is an appeal from an order of the City Court denying the motion of the defendant to compel plaintiff to separately state and number the alleged causes of action set forth in the complaint. The complaint alleges that the defendant entered into a written contract with one Davis, by which Davis agreed to furnish parquet flooring in defendant's building, and that the defendant agreed to pay the sum of $2,850 therefor; that Davis assigned said contract to plaintiff, and that defendant ratified such assignment; that plaintiff entered upon the performance of the contract and furnished materials and performed labor of the reasonable value of $150, no part of which has been paid. The defendant refused to permit plaintiff to complete the contract, and excluded plaintiff from the premises to the damage of plaintiff in the sum of $1,200. Defendant appellant claims that two causes of action are set up in the complaint—one to recover for services performed and materials furnished, and the second for damages for unlawful discharge.

It is the law of this state that the party who has been wrongfully deprived of the gains and profits of an executory contract may recover by way of damages the difference between the contract price and the amount which it would have cost him to perform the contract. Devlin v. Mayor, 63 N. Y. 8; also Wharton & Co. v. Winch, 140 N. Y., at page 296, 35 N. E. 589, where it is stated that the plaintiff in such case is entitled to recover prospective profits as damages, less the amount received by him in excess of the value of the work done and materials furnished. In this case, as plaintiff received nothing, he was entitled to recover the value of the work done and the materials furnished and his prospective profits as damages for breach of the contract.

The complaint is properly drawn, and states only one cause of action, and the order appealed from should be affirmed, with $10 costs and disbursements. All concur.