## CARLIN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

DAMAGES (§ 124*)—BREACH OF CONTRACT—MEASURE OF DAMAGES.

> On a breach by the owner of a contract for furnishing materials and constructing the building, the contractor is entitled to recover the reasonable value of the materials furnished and work performed, together with such reasonable profits as he might have earned, had he been permitted to complete the contract.
>
> [Ed. Note.—For other cases, see Damages, Cent. Dig. § 327; Dec. Dig. § 124.*]

Appeal from Special Term, Kings County.

Action by Thomas G. Carlin against the City of New York for breach of contract. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

P. E. Callahan (James D. Bell, on the brief), for appellant.

Ernest P. Seelman, for respondent.

BURR, J. On the 29th of July, 1904, plaintiff and defendant entered into a contract by which the plaintiff was to furnish all labor and materials, and in a good, workmanlike manner build, erect, construct, and complete a new station house, prison, and stable for the Seventy-Second precinct, on the ground and premises on the south side of Lawrence avenue, 300 feet easterly of Third street, in the borough of Brooklyn, for which he was to be paid the sum of $84,000. Plaintiff

entered upon the performance of his contract, and work thereon was continued until the 31st day of March, 1905, when the defendant interfered and prevented the plaintiff from performing any further work or furnishing any further materials in connection therewith.

The sole question in this case is as to the substantial performance of such contract by the plaintiff up to that date, and whether the defendant was justified in interfering therewith. Upon conflicting testimony the referee has found performance on the part of the plaintiff, and that the interference of the defendant was unauthorized and unjustified. The defendant, therefore, is in the position of one who has unreasonably broken his contract, and the plaintiff is entitled to recover the reasonable value of the materials furnished and work performed by him (Garvin Machine Co. v. Hutchinson, 1 App. Div. 380, 37 N. Y. Supp. 394), together with such reasonable profit as he might have earned had he been permitted to complete the performance thereof (Jones v. City of New York, 47 App. Div. 39, 62 N. Y. Supp. 284; Witherbee v. Meyer, 155 N. Y. 446, 50 N. E. 58). The record in this case is voluminous; but a careful examination of the evidence shows that the findings of the referee as to such performance were fully sustained by a fair preponderance of such evidence.

The principal controversy arose with regard to the character of the brickwork and the quality of the material furnished. The testimony of the witnesses called for the plaintiff fully established that the brick used came up to the terms of the specifications, and that the work was done in a good and workmanlike manner. Some of the testimony offered on behalf of the defendant would have justified such a finding, for the criticism of at least one of the experts called by the said defendant was directed chiefly to the character of the workmanship. This he criticised because it was to him unusual to lay brick in four courses to 12 inches, necessitating a joint five-eighths of an inch thick. It was conceded, however, that before plaintiff entered upon the performance of the work the specifications were modified, so as not only to permit, but to require, the brick to be laid in that manner. There was some evidence that one of the walls was slightly out of plumb. The testimony of the witnesses called for the plaintiff was to the contrary, and the force and effect of much of the testimony offered on the part of the defendant was weakened by the fact that the examination of the work made by such witnesses was made several months after the plaintiff had been forbidden to proceed with the work, and while the wall remained incomplete and exposed to the action of the elements.

No exceptions to the rulings of the referee upon questions of evidence were presented to this court, or argued, either orally or upon the brief of the learned corporation counsel. Some criticism was made as to the accuracy of his calculations; but, assuming the testimony of the plaintiff and his witnesses to be true, the findings of the referee were justified respecting the same. The learned referee, with the parties before him, was fully justified in accepting the testimony of the plaintiff as being correct and accurate as to the amount of work done and the quantity of materials furnished.

The amount of the judgment is large; but it seems to us to be fully justified, and the judgment appealed from should be affirmed, with costs. All concur.