Page, J.:
The complaint stated two causes of action. In the first were really embodied two: one for the balance alleged to be due for work performed under the contract; and another for loss of profits as damage for refusal to allow the plaintiff to complete the contract. The second cause alleged was for $50 for extra work. The jury gave a verdict for plaintiff for $342.78, the amount alleged to be due for work performed, $380 for loss of profits, and $30 for extra work, making a total of $752.78.
The defendant had the contract for building a section of the subway along Eastern Parkway in Brooklyn. This contract provided for two classes of ducts as follows:
“ Subdivision 20 Railroad and Tunnel Ducts
<v Section No. 397. The ducts to contain cables for transmitting electricity for the operation of the Railroad shall be of the one-way form with circular holes.
“ Tunnel ducts are those incorporated in the Railroad structure. All other ducts for use in connection with the Railroad are termed Railroad ducts.”
Section No. 407 of the contract provides: “ Railroad ducts will be paid for per duct foot in place and measured in place at the price stipulated for Railroad ducts in Schedule Item 18-A, and Tunnel ducts shall be paid for per duct foot in place at the price stipulated for Tunnel ducts.in Schedule Item 18.” These schedules are not printed in the record.
The difference between tunnel ducts and railroad ducts was in the method of installation. The tunnel ducts were laid in the bottom of the structure and alongside the walls in banks of twenty. The railroad ducts were laid above the roof of the structure, after a portion of the cut had been refilled.
The defendant was to be paid monthly on the certificate of the engineer of the amount of the work done and materials incorporated in the work, ten or fifteen per cent of the amount. to be withheld.
The plaintiff made a subcontract with the defendant. The parts material to this appeal are as follows: “ I propose to do the work of handling, laying and rodding of the tunnel ducts on subway Section 3, Route 12, on Eastern Parkway, *664 Brooklyn, in accordance with the plans and specifications of the Public Service Commission, for the sum of two and three-quarter cents (2%c) per duct foot. Rodgers & Hagerty, Inc., to furnish all materials. * * * The ducts will be delivered to me along the line of the work on trucks; I to unload and stack and do all further handling into place. * * * I will agree to do the rodding of all ducts according to the specifications and have the .same passed by the Engineer. For this I agree that the Contractor shall withhold one-half cent per duct foot, paying the same to me at the time of the final acceptance of the ducts by the Public Service Commission’s engineer. * * * Payments to be made monthly as Rodgers & Hagerty, Inc., are paid.” This contract, dated April 10, 1917, was signed by the plaintiff and accepted by the defendant, and the day after it was signed the plaintiff commenced work.
The plaintiff testified that three or four days after he commenced work he saw the defendant’s president and had the following conversation: “ I told him I could not wait for the one-half cent that the contract called for until he got his final payment from the city, and he told me I would not have to wait for it, and that as soon as they were rodded and accepted he would pay me, and he did. * * * I asked him, if I needed it, if he would give me money at any time that I might need it for a payroll, and he said he would, and he did give it to me.”
He testified further that he had his contract with him and asked Hagerty to modify it in writing, but the latter said it would not be necessary. This is a different modification from that set forth in the complaint, which is as follows:
“ Fifth. That after the plaintiff entered upon the performance of said contract and work and to enable the plaintiff to more readily finance and carry on said work, it was mutually agreed between the defendant and the plaintiff that the defendant would pay the plaintiff for said wor.k at the rate of 2M cents per duct foot in weekly installments for the work performed each week irrespective of the time or manner in which defendant was to be paid by the City of New York; and it was further agreed by the defendant with the plaintiff that the defendant would not retain any percentage of the *665 sums thus to become payable but on the contrary would make said payments without retaining any percentage thereof and without waiting until the final acceptance of the ducts by the Public Service Commission’s Engineer.”
Mr. Hagerty’s version of this transaction was that the plaintiff came to him three or four weeks after he commenced work and asked him to advance his payment, as he had been disappointed in collecting certain promissory notes that were due him, and did not have sufficient money to meet his payroll, and that Hagerty ordered his engineer to measure the work and a payment of $256.50 was made on May fourth, which was for the® ducts laid up to that time at two and three-quarters cents a foot less one-half cent. This payment would seem to corroborate Hagerty’s version of the conversation. It was made in less than a month, and the one-half cent was deducted. Hagerty testified that plaintiff was continually coming to him with requests for payments to meet his payroll and he granted his requests. The remaining payments were made May twenty-fifth, $542.25; May thirty-first, $423; June, sixteenth, $852.75; June thirtieth, $648; July ninth, $666; July twenty-fourth, $832.50; August eleventh, $681.50; August twenty-ninth, $1,096; October fourth, $1,278.23; November fifth, $1,603.17; a total of $8,879.90. At this time the tunnel ducts were all substantially constructed and they were finished in November. There had been laid 335,370 feet of duct which was all of the tunnel duct that was to be laid. At two and three-quarters cents per foot this would amount to $9,222.68, leaving a balance due of $342.78.
The defendant requested the plaintiff to proceed with the work of unloading ducts which were about to be delivered to lay the railroad ducts. The plaintiff refused to do it until and unless a check was sent for the balance* due, to which the defendant replied that the plaintiff had been advanced $1,328.08 over and above what was due on the contract, this being the difference between the amount that could have been withheld at the rate of one-half cent per duct foot and the amount still unpaid. The defendant also wrote demanding that the plaintiff proceed with the work within twenty-four hours or it would complete his contract and hold *666 him for the difference. A bill was thereafter sent to him for the labor of unloading the ducts. Hagerty testified that the plaintiff told him that his contract did not require him to lay the railroad ducts, but only the tunnel ducts, and that he then examined the contract and found that his contention was correct, and ordered the bill that had been sent for unloading the ducts canceled and payment of the balance made. An offer was made to pay the balance, and a general release demanded. Plaintiff refused.
In my opinion the plaintiff has no cause of action for the profits:
First. His contract only called for the laying of the tunnel ducts, which had been fully performed.
Second. Even if we adopt the plaintiff’s version that his contract covered all the ducts, then on the failure of the defendant to pay the installment claimed to be due he had one of two courses open to him, either to rescind the contract and recover what was due thereunder up to date, or proceed with the contract and sue for the amount due; but he could not rescind the contract and recover prospective profits. (Wharton & Co. v. Winch, 140 N. Y. 287, 293; Moore v. Taylor, 42 Hun, 45; Jones v. City of New York, 47 App. Div. 39, 40.)
I am of opinion that the plaintiff was entitled to recover the balance due and also for the extra work, but the judgment should be reduced by $380, the sum awarded for prospective profits, and as thus modified affirmed, with costs to the appellant.
Clarke, P. J., Latjghlin, Smith and Merrell, JJ., concur.
Judgment modified by reducing the amount thereof as entered to the sum of $497.53, and as so modified affirmed, with costs to appellant.