Mario Pittoiti, J.
The plaintiff, Sldar Door Corp., has brought this action against the defendant, Locoteta Homes Inc., for alleged breach of contract, and claims damages in the sum of $2,805. This sum represents the claimed profit of $127.50 allegedly due for each of 22 houses to be built by the defendant and upon which the plaintiff was to supply doors and door materials.
The contract, dated May 16,1960, is on a “ Sldar Door Corp.” printed form. It states in part as follows: “ The Sldar Door Corp. agrees to sell to Locoteta Homes (the Purchaser) and said Purchaser agrees to purchase from the Sldar Door Corp. the following material including installation for each of 25 houses located at So. Conduit Ave. & 183rd St., Springfield Gardens,” and also states: “ The Purchaser agrees to pay to the Seller the sums specified above. Payment to be made immediately upon completion of the installation and/or delivery of the merchandise sold hereunder.”
The complaint alleges that thereafter, on or about June 15, 1960, the plaintiff installed doors and appurtenant materials in three of the houses being erected by the defendant but that thereafter ‘ ‘ plaintiff was prevented and frustrated from completing the performance of such contract in that plaintiff was notified by defendant that defendant was canceling said contract and would not permit the plaintiff to perform and complete the same.” It developed at the trial that the defendant proceeded to build its first or model house; however, it did not pay for the doors and appurtenant materials until sometime after completion. The defendant then built two more homes. Doors and appurtenant materials were again installed by the plaintiff, but again the defendant was late in payment, so that its final payment for the second and third houses was sometime in December, 1960. When the defendant was about to build some more homes the plaintiff declared it would not furnish any more doors and appurtenant materials unless it was assured that it would be paid immediately on delivery or installation. The *301 defendant answered that it did not have the money and could not make that promise; whereupon the plaintiff said it would not deliver any more. The defendant replied that the plaintiff could do what it wanted, and when the plaintiff did not deliver any more doors or appurtenances the defendant was forced to purchase the materials elsewhere, and had to pay a higher price than called for in this contract. The defendant said it never prevented the plaintiff from performing.
The plaintiff has failed to prove the allegation that it was prevented and frustrated from completing the performance of the contract by the defendant. Assuming that the contract called for payment upon each delivery or installation, then it cannot be said that the defendant prevented or frustrated the plaintiff from completing its performance merely by late payment. However, the contract does not say that payment was to be made immediately upon the installation or delivery to each and every house. The language is ‘1 Payment to be made immediately upon completion of the installation and/or delivery of the merchandise sold hereunder A reasonable interpretation of this language permits the conclusion that payment was to be made upon completion of the installation or delivery on all 25 houses as well as on each house. Another reasonable interpretation is that delivery and installation was to be made only when each house was constructed. And there is no time limit as to when the houses were to be constructed. On the date that the lawsuit was begun only seven houses had been completed by the defendant and only one had been sold. If there is ambiguity in the language of this contract it must be resolved against the plaintiff because it is the plaintiff’s printed form contract which is under interpretation (Rentways, Inc., v. O’Neill Milk & Cream Co., 308 N. Y. 342, 348).
Be that as it may, the most that the plaintiff has proved is that the defendant was unable to pay upon delivery or installation, that the plaintiff refused to deliver or install unless the defendant paid immediately on delivery or installation, and that the defendant acquiesced in the plaintiff’s refusal. This looks more like a rescission of the contract by the plaintiff than a breach by the defendant. (See Wharton & Co. v. Winch, 140 N. Y. 287.) Anyway this fails to prove that the defendant prevented and frustrated the plaintiff from completing the performance of the contract, that the defendant was canceling the contract, or that the defendant would not permit the plaintiff to perform and complete it.
The plaintiff has failed to sustain its burden of proof. The complaint is dismissed.