LAURA GRISWOLD, Respondent, *v.* WARREN GRISWOLD, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, MAY, 1872.)

The owner of a mortgage made an unwritten agreement with the mort gagor, to satisfy it if he would discharge a disputed claim of an estate, of which he (the mortgagor) was sole beneficiary by will against a third person. The latter, with approval of the executor of the estate, gave a receipt for the claim, and released the executor from and indemnified him against all liabilities of the estate. *Held,* that the mortgage was discharged.

THIS was an appeal from a judgment entered for the plaintiff upon a referee's report.

The plaintiff, as executrix of the last will and testament of Manly Griswold, deceased, is the owner of a bond and mortgage, executed and delivered by defendant to one David H. Horton, on which there was due on the twentieth of March, 1871, $555.

This action was brought to foreclose the mortgage. The only defence which presents any question considered on this appeal is the fourth, and it is in substance that Laona James died in the year 1857, leaving a last will, wherein and whereby she bequeathed to defendant and his wife all her property.

The only property of which the testatrix was owner at her death was a claim for $1,000, due to her by Parley Griswold. Edwin Dennison was appointed executor of Laona's will, and after her death he duly qualified and took upon himself

the duties of that office. He called on Parley for the amount due to the testatrix, but Parley denied any indebtedness, and said he would defend any action that might be brought to collect the claim. He offered to pay $100 if he should be discharged from the debt. This offer was communicated to Manly, plaintiff's testator, who told the defendant that if he would accept the $100 offered by Parley, and discharge him from the demand claimed to be due to Dennison, as executor, he would discharge the mortgage in suit. Defendant accepted the offer, gave Parley a receipt in full for the claim against him (Parley), under the will of Laona James, and defendants, Parley and Manly, executed and delivered to Dennison, as executor, a release, without seal, of all claims by them as heirs of Laona against Dennison, growing out of her estate, and agreed to indemnify him against the claim of any other person, arising out of said estate or out of his office as executor.

Manly never gave defendant a discharge of the mortgage.

The referee found the facts stated in the aforesaid defence, except that he finds that defendant's receipt to Parley was never delivered, nor did Parley give one to defendant. The referee found that the agreement of Manly to discharge his mortgage, being by parol, was void under the statute of frauds, it being in effect an agreement to answer for the debt of another.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

*J. G. Record*, for the appellant.

*D. Sherman*, for the respondent.

MULLIN, P. J. The judgment of the referee cannot be sustained. The undertaking of Manly was not to assume or pay the debt of any person, but it was to satisfy the mortgage held by himself against the defendant upon a new and sufficient consideration, moving between him and the defendant,

upon the faith of his promise to satisfy the mortgage; the executor of Laona James, at the request of the defendant, discharged the claim he and his wife owned, as legatees under her will against Parley.

It is true that the executor never executed any technical release, but the legatees entitled to the debt did, with his assent and approval, agree to release Parley, and Parley and the other heirs of Laona released the executor from any claim they or either of them might have against him for the property of said estate.

This was done, because it was understood that Parley was released.

This was an accord and satisfaction. (*Palmerton* v. *Huxford*, 4 Den., 166; *Farmers' Bank of Amsterdam* v. *Blair*, 44 Barb., 641; *Neary* v. *Bostwick*, 2 Hilt., 514.)

In view of these facts no court would permit either the executor or legatee to recover against Parley.

This being so, there was no debt remaining due from Parley to which the undertaking of Manly could be collateral. If the plaintiff can be said to have anything to do with that debt, he assumed an amount of it equal to his bond and mortgage, and agreed to pay it; such an understanding is in no sense collateral.

The substance and effect of the arrangement was, that Manly promised to cancel and discharge his bond and mortgage in consideration that defendant would discharge the debt due from Parley: This was a sufficient consideration in law to support the promise. (1 Parsons on Contracts, 364, 1st edition; Same, 369.)

As equity treats as done, that which a party has agreed to do, it will hold the mortgage satisfied and discharged.

The judgment must be reversed and a judgment entered that the bond and mortgage be satisfied and the latter canceled of record, with the costs of the action and of the appeal to the defendant.

Judgment reversed.