JOHN TRACEY LANGAN, Respondent, *v.* SUPREME COUNCIL AMERICAN LEGION OF HONOR, Appellant.

INSURANCE — MUTUAL BENEFIT ASSOCIATION — CERTIFICATE NOT AFFECTED BY SUBSEQUENT BY-LAW REDUCING AMOUNT TO BE PAID THEREUNDER — CERTIFICATE HOLDER MAY MAINTAIN ACTION IN EQUITY TO PRESERVE CONTRACT OF INSURANCE. Where a mutual benefit life insurance association issues a certificate whereby it agrees to pay out of its benefit fund to the wife of the certificate holder, upon his death, "a sum not exceeding $5,000 in accordance with and under the laws governing said fund," upon condition that the certificate holder comply with the laws and regulations of the association governing such fund, then enacted, or which might thereafter be enacted, the subsequent enactment of an amended by-law which, in effect, limited the highest amount payable "upon any benefit certificate heretofore issued" to the sum of $2,000, and the subsequent refusal of the association to receive dues and assessments upon such certificate upon the basis of $5,000 and to recognize the original contract of insurance as binding upon it, do not constitute such a breach of the contract of insurance as to entitle the certificate holder

to maintain an action for the recovery of damages therefor, since the amended by-law is wholly ineffectual to deprive him of any rights which had become vested, and his refusal to acquiesce in the amended by-law and the tender of payment of his assessment upon the original contract preserves the contract of insurance as it was; the proper remedy is to resort to a court of equity and, upon the facts, ask its intervention in a decree which would compel the association to live up to its contract and which would restrain it from proceeding under its void by-law.

*Langan* v. *Supreme Council Am. L. of H.*, 69 App. Div. 616, reversed.

(Argued March 6, 1903; decided April 7, 1903.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 3, 1902, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The plaintiff sues upon a certificate of insurance issued to him by the defendant, a foreign corporation, upon his application ; whereby the defendant agreed to pay out of its benefit fund to his wife, upon his death, " a sum not exceeding $5,000, in accordance with and under the provisions of the laws governing said fund ; " upon certain conditions being complied with, to the effect, in substance, that the statements in plaintiff's application are made part of the contract and that he complies " in the future with the laws, rules and regulations now governing said Council and Fund, or that may hereafter be enacted by the Supreme Council to govern said Council and Fund." Plaintiff alleged that he paid all assessments called and, in all respects, performed the conditions of the contract of insurance, until the " defendant by its wrongful act broke the said contract and declared the same void ; " that the defendant has failed to carry out the conditions of the contract, by declaring that it will not perform the contract, or pay the insurance agreed to be paid, and that, upon his death, the beneficiary will not be then entitled to a sum exceeding two-fifths of the stipulated insurance, and that, by reason of the breach of the aforesaid contract by defendant, plaintiff has sustained damages in the sum of $5,000. Judgment was demanded in that amount. The answer, admitting the contract, sets up that the defendant is a corporation of the state

of Massachusetts and that it is a "fraternal, mutual benefit corporation, having subordinate branches in the state of New York ✳ ✳ ✳ , called Councils." It, then, sets up the due enactment of an amended by-law, subsequent to the issuance of the certificate in question; which, in effect, limited the highest amount payable "upon any benefit certificate heretofore issued " to the sum of $2,000. It is alleged that plaintiff became bound by this by-law, under his contract with defendant, and it is, further, alleged that, by reason of plaintiff's failure to pay an assessment, accruing subsequent to the enactment of the above-mentioned by-law his certificate was avoided. The trial court decided that the plaintiff was entitled to recover and fixed the sum of $1,505.96, as the amount of his damages. The amount of the damages sustained was reached by ascertaining the present value of $5,000, at plaintiff's age, upon the basis of the Northampton Tables of Mortality, to be $2,959.50, and deducting therefrom the sum of $1,453.54, as the present value of the assessments, which plaintiff would have paid in the future, "if there had been no breach." It appears from the findings in the case that the plaintiff had duly paid all of his assessments and had performed all conditions on his part, and that by the by-law existing at the time of his becoming a member, as a "sixth degree contributor to the Benefit Fund," the sum of $5,000 was to be paid on his death; that he refused to recognize the amended by-law and duly tendered "the full amount of his dues and assessments upon the aforesaid policy, as required by the by-law as it was when he was received into the order, which defendant refused to receive," and that defendant refused to recognize the original contract of insurance as binding upon it. Motions to dismiss the complaint were made, at the opening of the case, upon the plaintiff's evidence, and at the close of the trial, upon the ground that the plaintiff had mistaken his remedy and should have applied to a court of equity. They were denied and exceptions were taken to the denials. The Appellate Division, in the second department, affirmed the judgment recovered by the plaintiff and defendant appealed to this court.

*Henry A. Powell* for appellant. Plaintiff failed to show that he had suffered any damages by defendant's amendment to its laws. (*Weber* v. *Supreme Tent*, 172 N. Y. 490; *Gray* v. *Chapter General*, 70 App. Div. 155; *Greene* v. *Walton*, 59 Hun, 102; *Brady* v. *C. B. Assn.*, 39 N. Y. S. R. 181; *Wachtel* v. *N. W. & O. Society*, 84 N. Y. 28.)

*Frederic A. Ward* and *John Tracey Langan*, in person, for respondent. The argument that because the plaintiff had conscientiously performed the contract upon his part, and put himself in such a position that at any time, even after his death, it might be enforced, although the conduct of the defendant in breaking its contract has proved to be unjustifiable in law, *ultra vires* and void, the plaintiff has suffered no wrong and has sustained no damages, is untenable. (*Nichols* v. *S. S. Co.*, 137 N. Y. 471; *U. Ins. Co.* v. *C. T. Co.*, 157 N. Y. 633; *Burtis* v. *Thompson*, 42 N. Y. 246; *Howard* v. *Daly*, 61 N. Y. 362; *Ferris* v. *Spooner*, 102 N. Y. 10; *Windmuller* v. *Pope*, 107 N. Y. 674; *Shaw* v. *R. L. Ins. Co.*, 69 N. Y. 286; *People* v. *S. L. Ins. Co.*, 78 N. Y. 115; *People* v. *E. M. L. Ins. Co.*, 92 N. Y. 110; *Fischer* v. *H. M. L. Ins. Co.*, 69 N. Y. 161.)

GRAY, J. It is assumed by the plaintiff that there had been such a breach of the defendant's contract of insurance, as to entitle him to bring an action for the recovery of damages therefor. That assumption, however, is incorrect. The obligation of the defendant under its contract, as evidenced by the benefit certificate, was to pay to the wife of the holder a sum not exceeding $5,000, upon the event of his death. Until that event occurred, that contract continued; unless, and until, it was avoided by some act of the plaintiff. The action of the defendant, in the attempted amendment of the by-law, which was in force when the plaintiff joined the association and received his certificate, was wholly ineffectual to deprive him of any rights which had become vested. It was beyond the power of the defendant to affect the obligation expressed in the certificate, without the consent of its holder.

(*Weber* v. *Supreme Tent of K. of M.,* 172 N. Y. 490.) If, therefore, the amendment was void and inoperative, the contract of insurance remained unaltered and unimpaired. Its enactment constituted no breach of the contract. Upon its promulgation, however, the plaintiff had two courses open to him. He could notify the defendant that he refused to assent to its action and could tender to it the assessments upon the basis of an insurance of $5,000. He did so and notified it that he would keep the tender of payment of all assessments, legally called in the future, good. In that situation, he might remain quiescent and the contract of insurance would mature upon his death in favor of his wife, the beneficiary named. The contract, in that case, with the insured performing all the conditions required of him during his life, would have been perfectly good.

But he was not obliged to remain, thus, quiescent and to incur apprehended risks, which might present themselves to his mind as possibly consequent upon the illegal act of the defendant. He was, fairly and justly, entitled to know his rights and to have such protection against apprehended consequences, as the courts might afford him. He could invoke the exercise of the power of a court of equity to protect his rights, by compelling the defendant to receive his assessments, upon a basis of an insurance of $5,000, and to recognize the contract as in force. With just grounds to fear the consequences of the illegal corporate act, he could demand the issuance of a writ of prevention to accomplish the ends of precautionary justice by restraining the defendant from carrying out the amended by-law. Though the defendant was a foreign corporation, it was, nevertheless, in this state for the purpose of any action upon its contract and such an action would be clearly maintainable.

In *Cohen* v. *N. Y. Mutual L. Ins. Co.* (50 N. Y. 610), the plaintiff sought equitable relief, in a decree declaring her policy to be valid. There had been a failure to pay the premiums, owing to the fact that, during the prevalence of the Civil war between the southern states and the govern-

ment of the United States, she had been a resident of the state of Georgia and, therefore, had been prevented from making the necessary payments. It was, among other things, objected that, as there had been no loss, there was no cause of action upon the policy. But the equitable doctrine was asserted that where the peculiar circumstances make a proper case for the intervention of a court of equity, it is justified, if necessary to the preservation of right and for the purpose of declaring the rights and the obligations of suitors. In *Meyer* v. *Knickerbocker L. Ins. Co.* (73 N. Y. 516), which was a suit in equity to have the court declare existing and in force a contract of insurance upon the life of the plaintiff's husband, which was claimed by the defendant to have lapsed, it was held that such a suit could be maintained, when it was necessary for the parties to know at once their reciprocal rights and obligations. To like effect was the decision in *Gray* v. *Chapter General*, (70 App. Div. 156), where it was held that a court of equity will intervene to protect the rights of a member, which were endangered by an ineffectual act of the defendant.

I reach the conclusions, therefore; that there was no breach of contract in this case, which justified an action for damages; that the action of the plaintiff, after the passage of the amended by-law, in refusing to acquiesce in it and in tendering payment of his assessments, preserved the contract of insurance as it was; that he was not, thereupon, compelled to a course of inaction, but might resort to a court of equity and, upon the facts, ask its intervention in a decree which would compel the defendant to live up to its contract and which would restrain it from proceeding under its void by-law.

Upon a new trial, the plaintiff will be in a position to apply to the court for an amendment of his pleading setting up his equitable rights.

The judgment appealed from should be reversed and a new trial should be ordered, with costs to abide the event.

O'BRIEN, CULLEN and WERNER, JJ., concur; PARKER, Ch. J., BARTLETT and MARTIN, JJ., dissent.

Judgment reversed, etc.