(63 Misc. Rep. 571.)

WOLFE v. WASHINGTON LIFE INS. CO.

(Supreme Court, Special Term, New York County. June, 1909.)

1. INSURANCE (§ 124*)—LIFE INSURANCE—CONTRACT—CONSTRUCTION.

A contract of life insurance carries with it the implication that the insurance company shall continue its business and keep on hand the funds required by law during the term of the policy, and failure of the company so to do is a breach of the contract.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 124.*]

2. INSURANCE (§ 237*)—CONTRACT—BREACH.

In an action against a life insurance company by a policy holder, a complaint alleging the issuance of the policy, the making by defendant of an agreement with another company to reinsure all outstanding policies, including plaintiff's and the transfer and assignment by defendant of the assets representing its legal reserve on such policies and all other assets to such other company, showed a repudiation of defendant's obligations and a breach of its contract, and stated a cause of action.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 514; Dec. Dig. § 237.*]

3. INSURANCE (§ 237*)—LIFE INSURANCE.

In such action, an allegation that defendant failed to exact ample security from the reinsuring company for the due performance of its contract with defendant was unnecessary.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 514; Dec. Dig. § 237.*]

Action by S. Herbert Wolfe against the Washington Life Insurance Company. Demurrer to complaint overruled.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Heyman & Heyman, for plaintiff.
H. A. Rubino, for defendant.

GREENBAUM, J. Defendant demurs to the complaint upon the ground that it fails to set forth any cause of action. Two causes of action are stated in the complaint, each of substantially the same tenor. They arise out of two separate policies of insurance heretofore issued by defendant upon the life of the plaintiff, the one for $2,000, and the other for $10,000, based upon premium payments for 20 years. The pleader, affirming due performance on the part of the plaintiff, alleges the making of an agreement by defendant with the Pittsburg Life & Trust Company as follows:

"That on or about the 30th day of December, 1908, the defendant entered into an agreement with the Pittsburg Life & Trust Company wherein and whereby the defendant, fraudulently and in derogation and violation of its contract with and obligations to the plaintiff, assumed to reinsure in said Pittsburg Life & Trust Company the plaintiff's said policy and all other outstanding policies in the defendant, and wherein and whereby it fraudulently, and in further violation of plaintiff's rights, transferred, assigned, and set over unto said Pittsburg Life & Trust Company the assets representing the legal reserve upon the plaintiff's said policy, and representing the legal reserve upon all other outstanding policies in the defendant, and all its other assets, including, among other things, all its books and papers relating to policies and policy holders, and all its right, title, and interest in and to all premiums or other moneys thereafter payable to the defendant upon all its then outstanding policies or other contracts."

The allegations of fraud and of violation of the contractual rights of the plaintiff may be disregarded, or treated as mere conclusions of law; but we nevertheless have allegations of the making of the agreement and of a transfer thereunder of the assets of the defendant. The defendant argues that the complaint fails to allege that the agreement therein referred to was in fact consummated by the actual receipt of the assets of defendant by the Pittsburg Life & Trust Company and by the latter's performance of the provisions of reinsurance. But, taking into consideration the allegation that the defendant has ceased transacting its business of insurance, and inferring, as we should, every intendment of fact fairly deducible from the pleading in favor of plaintiff, it may be assumed that the defendant in fact did reinsure in the Pittsburg Life & Trust Company all outstanding policies, and did transfer to said company the legal reserve upon all outstanding policies (including the policy of the plaintiff), together with all its other assets. The plaintiff alleges his prompt protest to defendant against its aforesaid acts, his refusal to assent thereto, his election to treat defendant's said acts as a breach of its contract with him, and the definite amount of the legal reserve and actual value of his policy on December 30, 1908. It is further alleged that the amount of insurance under said policy was payable to Flora H. Wolfe, the wife of plaintiff, or, in the event of her prior death, to plaintiff's executors, administrators and assigns, and that the said Flora H. Wolfe duly assigned all her right and interest in and to plaintiff. The action is for damages for defendant's alleged breach of contract. It seems to be well settled that a contract of life insurance carries with it the im-

plication that the insurance company will continue its business and keep on hand the funds required by law during the term of the policy, and that its failure so to do necessarily results in a breach of the contract. People v. Empire Mutual Life Ins. Co., 92 N. Y. 105; Mason v. Cronk, 125 N. Y. 496, 28 N. E. 224; People v. Security Life Ins. & Annuity Co., 78 N. Y. 125, 34 Am. Rep. 522.

The demurrant contends that Kelly v. Security Mutual Life Ins. Co., 186 N. Y. 16, 78 N. E. 857, has practically decided that no action for damages under a life insurance policy will lie for an anticipatory breach thereof. I do not so read the opinion in the Kelly Case. That was a case where the breach alleged was that the defendant wrongfully declared the contract void and forfeited, denied that the plaintiff had any legal rights thereunder, "and refused to continue said policy in force." There was no allegation "of a refusal to receive premiums, or that the defendant had never recognized its contract, or that it had not retracted its repudiation, or that it was in such a position that it could not retract." The court held, upon such a state of facts, that there was no breach of the contract, "because the time for performance by the defendant had not arrived." It was held that the complaint alleged ia breach only by anticipation. Langan v. Supreme Council, American Legion of Honor, 174 N. Y. 266, 66 N. E. 932. Recognizing, as we should, the rule in the Kelly Case, it has not the slightest application to the facts alleged in the complaint. Here the plaintiff, whose duty it was under his policy regularly to pay his premiums, was absolved from further payment, not by a threatened repudiation of its obligation on the part of defendant, but by its overt act of reinsurance of all its policies in another company, coupled with a transfer to said company of all its assets and its cessation of life insurance business.

The distinction sought to be drawn by the learned counsel for defendant between the facts in the case at bar and those appearing in the various cases which have recognized the rule reaffirmed in the Empire Mutual Life Ins. Co. Case, supra, is that insolvency of the defendant is not here alleged, and that insolvency was an essential factor in the other cases is more subtle than substantial. A study of the cases bearing upon this phase of the discussion clearly shows that, although a condition of insolvency appeared in many of them, the underlying principle upon which a breach of the contract was recognized did not depend upon the fact of insolvency. In reason it should be sufficient to establish a breach upon the facts assumed in this case. The views that I have just expressed necessarily show my conviction that the absence of an allegation that defendant failed to exact ample security from the Pittsburg Company for the due performance of its alleged contract with defendant is not fatal to the plaintiff's complaint. I am of opinion that a breach of the contract would be established irrespective of the fact that complete security was exacted from the reinsuring company. The plaintiff was not bound to accept the new company. Its contract was with the defendant.

The demurrer is overruled, with costs to plaintiff, but with leave to defendant to answer in 20 days upon payment of costs.

Demurrer overruled.