John J. Donlen, as Committee, etc., of Anna T. McCann, Incompetent, Plaintiff, *v.* Fidelity and Casualty Company, Defendant.

(Supreme Court, Kings County, December, 1921.)

Insurance — *disability policy* — incurable malady — incompetent person — weekly indemnity for "confining disability" allowed patient at institution for insane — amount based upon assured's expectancy of life not recoverable — going from building to building within grounds not evidence that assured was not confined.

Where shortly after the defendant had issued a teacher's life, indemnity, accident and health disability policy, the assured, who is suffering from an incurable malady, was duly adjudged an incompetent and has since been confined in a public institution for the insane, an action to recover an amount based upon the assured's expectancy of life, as shown by the Northampton tables, is not maintainable.

The defendant, as evidenced by the policy, agreed that "if the assured suffers confining disability the company will pay * * * for the period of said disability not exceeding 52 weeks" a certain amount per week, and "if the assured suffers non-confining disability the company will pay the assured as follows for the part of said non-confining disability, if any, within 52

weeks from the beginning of the preceding confining disability" the sum of five dollars per week, and "after the said 52 weeks so long as the assured lives and continuously suffers said confining disability" the sum of two dollars and fifty cents per week. In an action brought by the committee of the assured to recover damages based upon her expectancy of life the undisputed evidence was that the incompetent is now and since her commitment to the institution has been continuously confined there undergoing the usual course of treatment. *Held,* that the mere fact that in doing the work of a laundress she has gone from building to building under the care of a supervisor and within the grounds of the institution, was no evidence that she was not necessarily confined, and that upon the proof, plaintiff was entitled to judgment for the maximum amount of the weekly indemnity for a period of fifty-two weeks and for one-half the weekly indemnity for the following fifty-two weeks, and one-quarter of the weekly indemnity up to the time of the trial of the action and in addition thereto the sum of fifty dollars for hospital charges, about which there was no dispute.

ACTION on policy of insurance.

James C. Danzilo, for plaintiff.

Nadel, Jones & Mowton (Edward P. Mowton, of counsel), for defendant.

CALLAGHAN, J.   On the 18th day of September, 1918, the defendant issued for the benefit of Anna T. McCann, now an incompetent person, a " teacher's life, \* \* \* indemnity, accident \* \* \* and health \* \* \* disability policy" whereby it agreed to pay ten thousand dollars in case of death by accident, and " if the assured suffers confining disability the company will pay the assured for the period of said disability not exceeding 52 weeks" the sum of $10 a week, and "if the assured suffers non-confining disability the company will pay the assured as follows for the part of said non-confining disability, if any, within 52 weeks from the beginning of the preceding confining

disability '' the sum of five dollars per week, and
"after the said 52 weeks so long as the assured lives
and continuously suffers said confining disability '' the
sum of two dollars and fifty cents per week. During
the month of October, 1918, the said Anna T. McCann
was duly adjudged an incompetent person, and since
that time she has been confined in a public institution
for the insane. The proof shows that she is suffering
from an incurable malady, and, based upon the assump-
tion that the incompetent would never fully recover,
this action was brought to recover an amount to be
based upon the expectancy of life of the incompetent
as shown by the Northampton tables, the defendant
having first disclaimed all liability under the policy.
Plaintiff cannot, however, succeed on this branch of
the case. The policy states definitely when and under
what circumstances the defendant is required to pay,
and its refusal to pay the full amount of the weekly
indemnity specified in the policy, based upon its belief
that the plaintiff is not entitled to the maximum of
such weekly benefits, is not such a refusal to pay or
such a denial of its liability as would in any event
furnish grounds for an action to recover the full
amount of the loss at this time. But, aside from that
reason, the policy states definitely when and under
what circumstances the weekly indemnity is to be paid,
and the plaintiff cannot recover in this action the full
amount of plaintiff's damage based upon her expec-
tancy of life. It was the intention of the parties, as
evidenced by the policy, to pay only at the times and
in the manner specified in the policy. The action was
tried by the court without a jury, and the undisputed
testimony shows that the incompetent is now and has
been since October, 1918, continuously confined in a
public institution for the treatment of the insane and
is undergoing the usual course of treatment. She has

never been released from the institution or allowed to go from within the inclosure. She has, however, been required, as part of the treatment laid out by the institution, to do work as a laundress, and in the performance of that duty she has been taken from one building to another under the care of a supervisor and within the grounds of the institution. The question, therefore, to be determined is whether or not the incompetent suffers confining disability within the meaning of the policy. It is the defendant's contention that it is not liable for the maximum amount specified as payments for disability. It bases its contention upon the theory that the malady from which the assured suffers is not one which confines her in the house within the provisions of the policy. The disability contemplated by the parties at the time the policy of insurance was issued is such an illness as ordinarily would confine one to the house. It may be that one suffering from a very serious disease would be able to leave the house and, in fact, attend to business or other duties, but I cannot conceive of a malady which would bring one so clearly within the terms of the policy as that of insanity. The very nature of the disease itself requires confinement not only for the safety of the public, but for the benefit of the patient as part of the treatment for the disease. The mere fact that she has gone from one building to another furnishes no evidence that she was not necessarily confined, particularly as the work which she was assigned to do required those in charge of the institution to take her from one building to the other. I have read all the authorities submitted on behalf of the defendant, none of which are in conflict with these views. It follows, therefore, that plaintiff should have judgment for the maximum amount of the weekly indemnity for a period of fifty-two weeks, and for one-

27

half of the weekly indemnity for the following fifty-two weeks, and for one quarter of the weekly indemnity up to the time of the trial of this action, and in addition thereto the sum of fifty dollars for hospital charges, about which there is no dispute. Present findings and judgment on two days' notice.

Judgment for plaintiff.