Louis Robbins, Plaintiff, *v.* Travelers Insurance Company, Defendant.*

Supreme Court, New York County, February 21, 1934.

*William J. Moran,* for the motion.

*Louis B. Davidson,* opposed.

Valente, J. Defendant moves to dismiss the complaint herein under rule 106 of the Rules of Civil Practice for failure to state a cause of action, and further moves to vacate a warrant of attachment heretofore obtained by the plaintiff.

The action is upon four separate policies of insurance issued by the defendant to the plaintiff, each policy containing a disability clause. The complaint alleges that on January 10, 1932, the plaintiff became totally and permanently disabled, and furnished due proofs of this fact to the defendant, who accepted and recognized plaintiff's claim and paid the monthly benefits on the said policies until October 10, 1933; that on November 8, 1933, defendant delivered to plaintiff a notice that it had withdrawn its disability benefits and would no longer pay them, and that plaintiff henceforth would be compelled to pay the premiums called for in the policy. Plaintiff further alleges that he is no longer an insurable

* Affd., 241 App. Div. 350.

risk, and seeks damages for defendant's breach of the contract. The damages sought include not only the disability benefits already accrued up to the time this action was commenced, but also the present value of the contract computed in accordance with the allegation concerning plaintiff's expectancy of life.

Upon such a motion as this there can be no dispute as to the facts alleged in the complaint. The situation presented here is one where the defendant promisor has repudiated its obligation to pay the disability benefits under the contract. The plaintiff is entitled, therefore, to treat the contract as ended, so far as further performance is concerned, and maintain an action immediately for the damages occasioned by such anticipatory breach. This doctrine is clearly enunciated by the Supreme Court of the United States in *Central Trust Co. of Illinois* v. *Chicago Auditorium Assn.* (240 U. S. 581; 36 S. Ct. 412; 60 L. Ed. 811), citing *Roehm* v. *Horst* (178 U. S. 1; 20 S. Ct. 780; 44 L. Ed. 953), and was applied in the case of *Federal Life Ins. Co.* v. *Rascoe* ([C. C. A.] 12 F. [2d] 693; certiorari denied, 273 U. S. 722; 47 S. Ct. 112; 71 L. Ed. 859) to installments due under a health policy. In that case the facts were substantially similar to the facts in the instant case, and the court said: " This is a single contract. The fact that defendant is required to perform in part at stated intervals does not change its unitary character into a multiplicity of contracts, each relating to but one installment. If there has been an actual breach, coupled with repudiation of this one contract, then, to avoid multiplicity of suits public policy requires that plaintiff may maintain but one action for the entire damages occasioned by such breach." The Circuit Court of Appeals there cited as a basis for its decision the case of *Pakas* v. *Hollingshead* (184 N. Y. 211).

The defendant here in support of its motion cites *Gilbert* v. *New York Life Ins. Co.* (238 App. Div. 544) and *Kelly* v. *Security Mutual Life Ins. Co.* (186 N. Y. 16). Neither of these cases is in point. In both instances the suit was upon policies of life insurance, and, the insured being still alive, there was no actual breach since the time for performance had not arrived. The same is true of *Langan* v. *Supreme Council American Legion of Honor* (174 N. Y. 266). In the case of *Donlen* v. *Fidelity & Casualty Co.* (117 Misc. 414, 416), also cited in behalf of the defendant, we find this particularly significant statement: " The policy states definitely when and under what circumstances the defendant is required to pay, and its refusal to pay the full amount of the weekly indemnity specified in the policy, based upon its belief that the plaintiff is not entitled to the maximum of such weekly benefits, is not such a refusal to pay or such a denial of its liability as would in any event furnish

grounds for an action to recover the full amount of the loss at this time." It is not an unfair inference to say that the court in that case, had there been, as here, a complete and definite refusal to pay any further disability benefits under the contract of insurance, would have sustained a complaint seeking a recovery of the total damage in one action.

The case of *Killian* v. *Metropolitan Life Ins. Co.* (251 N. Y. 44) is not an authority for the contention of the defendant on this motion. In that case Chief Judge CARDOZO discussed the effect of repudiation of a policy of life insurance before maturity, and stated that such repudiation is not such a breach as will sustain a remedy at law for the recovery of damages. In the present case there is more than repudiation before maturity, because the defendant has definitely breached the contract by refusing to pay the disability benefits already due.

The position of the plaintiff in an action of this character is markedly different from that of a holder of a life insurance policy, which is not designed to give the insured any benefits during his lifetime. Here benefits are presently due, and repudiation would force plaintiff to resort to repeated lawsuits. The law should and does given him the remedy in a single suit for anticipatory breach. Furthermore, a suit for the amount accrued since repudiation might lead to the charge that the plaintiff is splitting his cause of action. As to the measure of damages, the expectancy of life tables are some evidence of it. (*Toplitz* v. *Bauer*, 161 N. Y. 325; *Schell* v. *Plumb.* 55 id. 592; *Lewis* v. *State*, 112 Misc. 667.)

The motion to dismiss the complaint and vacate the attachment is in all respects denied. Order signed.