CITY OF MOUNT VERNON, Respondent, v. THE MOUNT VERNON TRUST COMPANY, Appellant.— In an action to recover the balance of funds on deposit with defendant, order granting plaintiff's motion for summary judgment and judgment entered thereon in the sum of $107,312.53 unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

ABRAHAM DITKOFF, Respondent, v. THE PRUDENTIAL SAVINGS BANK, Defendant, and SADIE DITKOFF and Another, as Administrators, etc., of JONAS DITKOFF, Deceased, Appellants.— Appeal from order granting a motion for summary judgment in an action brought to recover the amount of a deposit in the name of plaintiff's brother in trust for plaintiff. Plaintiff's brother having died, the administrators of his estate make claim for this deposit. In so far as the affidavit of plaintiff states the facts and circumstances of transactions with the decedent, they may not be considered. (Civ. Prac. Act, § 347.) The pleadings and affidavits show there are circumstances concerning the deposit and the maintenance thereof which require a trial for a determination as to whether or not these facts and circumstances will overcome the presumption of fact, the depositor having died, that an absolute trust had been created. (Matter of Totten, 179 N. Y. 112; Morris v. Sheehan, 234 id. 366.) Order granting summary judgment and judgment entered thereon reversed on the law and facts, with ten dollars costs and disbursements, and motion for summary judgment denied, with ten dollars costs. Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ., concur.

ERNESTINE EDELMAN, Respondent, v. STELLA WECHSLER and Another, Appellants.— Judgment reversed on the law, with costs, and complaint dismissed, with costs. Plaintiff sues in equity, alleging an anticipatory breach of a contract for the payment of monthly installments during her lifetime because of the defendants' failure to pay certain installments. Plaintiff was given judgment for $15,438.40 with interest, representing the value of said contract during the plaintiff's life expectancy. On the proof adduced, the plaintiff is not entitled to recover in equity on the theory of a repudiation of the contract and an anticipatory breach thereof. (Werner v. Werner, No. 3, 169 App. Div. 9; Wharton & Co. v. Winch, 140 N. Y. 287; Ga Nun v. Palmer, 202 id. 483.) Conclusions of law inconsistent herewith are reversed and new conclusions will be made. Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ., concur. Settle order on notice.

DOROTHY M. FIELDING, Respondent, v. SAMUEL PODELL, Appellant.— In an action to recover damages for personal injuries sustained in a collision between automobiles, liability for which is admitted by defendant, judgment for plaintiff in the sum of $18,141.14 and order denying defendant's motion for a new trial reversed on the facts and a new trial granted, costs to appellant to abide the event, unless within ten days from the entry of the order herein plaintiff stipulate to reduce to $12,000 the amount of the verdict rendered in her favor; in which event the judgment, as so reduced, and the order are unanimously affirmed, without costs. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ.

GEORGE H. GARVIN, Respondent, v. BARNET BOTWINICK, Appellant.— Action for malicious prosecution and libel. Order denying defendant's motion to preclude affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.