INDIAN RIVER ISLANDS CORPORATION, Plaintiff, *v.* MANUFACTURERS TRUST COMPANY and JAMES F. MCNAMARA, as Trustees under Indenture of Mortgage Made by INDIAN RIVER ISLANDS CORPORATION, Dated January 1, 1931, Defendants.

First Department, March 18, 1938.

*Harry A. Bostrom* of counsel [*Gifford, Woody, Carter & Hays,* attorneys], for the plaintiff.

*A. Amasa Miller* of counsel [*Dawes, Abbott & Littlefield,* attorneys], for the defendants.

COHN, J. Plaintiff, a corporation organized under the laws of the State of Florida, is the owner of a tract of land located in that State. Corporate defendant, Manufacturers Trust Company, is

the successor by merger to Chatham-Phenix National Bank and Trust Company. On January 1, 1931, plaintiff executed and delivered to Chatham-Phenix National Bank and Trust Company and James F. McNamara, as trustees, an indenture of mortgage covering plaintiff's land, to secure payment of $750,000 of bonds to be issued by plaintiff. The mortgage provides that, if no default exists beyond the period of grace as defined in the indenture, the trustees will release from the lien of the mortgage any parcels thereof sold, upon condition that a certain percentage of the gross selling price of the parcels sold is simultaneously paid to or deposited with the corporate trustee. The percentages of the selling price to be paid or deposited vary in accordance with the gross selling price of the real estate to be released. In the present case there is required by the terms of the agreement a payment of twenty per cent of the gross sales price, or $2,900.

On December 18, 1937, the board of directors of plaintiff, in a written communication, advised defendants and the bondholders that it had "reluctantly decided not to pay on January 1, 1938, the installment of interest then due on the bonds." Despite this declared intention to default, but before January 1, 1938, plaintiff contracted to sell a certain parcel of the realty covered by the mortgage for the sum of $14,500. On December 30, 1937, plaintiff, by letter, notified defendants of the proposed sale, advising them that it was ready to deliver twenty per. cent of the gross selling price of $14,500, to wit, $2,900, against a release from the mortgage, of the land sold. In the same letter plaintiff certified that no default in the terms of the mortgage existed on that date, nor beyond the period of grace. Replying to plaintiff on December 31, 1937, defendants refused to release the portion of the mortgaged premises to be sold unless they received all of the net proceeds of this sale instead of twenty per cent of the gross selling price called for by the indenture of mortgage and offered by plaintiff. The basis of the refusal was plaintiff's threatened default in the interest payment thereafter to become due on January 1, 1938.

It is the plaintiff's contention that, as its request for a release of a portion of the property from the lien of the mortgage was made prior to any actual default under the terms of the indenture of mortgage, it is entitled to the release against payment of twenty per cent of the gross selling price as provided by the mortgage agreement, and that it is entitled to retain the balance of eighty per cent of the gross selling price of the parcel. Defendants assert that because of plaintiff's notice of December 18, 1937, that it would not pay the installment of interest to become due on the bonds on January 1, 1938, defendants were relieved of any obligation to release

any portion of the mortgaged premises unless the entire net proceeds of the sale were paid over, or unless the interest which would become due on January 1, 1938, should, in fact, be paid and all defaults cured at or before the expiration of the period of grace. Defendants argue that as plaintiff, the mortgagor, had repudiated the terms of the mortgage by declaring in writing that it would not pay interest on its due date, the trustees were justified in accepting that declaration as a breach of the terms of the mortgage and were, therefore, not bound to perform according to its tenor; in a word, that because of the anticipatory repudiation of the contract by the mortgagor, further performance thereof by the trustees was waived.

We are of the opinion that the contention of defendants is without merit. The law in New York State seems well settled that the doctrine of anticipatory breach as the basis for immediate action against one who repudiates an executory contract, has no application to contracts for the payment of money only, in installments or otherwise. (*McCready* v. *Lindenborn*, 172 N. Y. 400; *Hall* v. *Nassau Consumers Ice Co.*, 260 id. 417, 419; *Kelly* v. *Security Mutual Life Insurance Co.*, 186 id. 16; *Werner* v. *Werner, No. 3*, 169 App. Div. 9; *McCaskey* v. *Cumberland Glass Manufacturing Co.*, 193 id. 856; affd., 233 N. Y. 552; *Bauchle* v. *Bauchle*, 185 App. Div. 590; *Benecke* v. *Haebler*, 38 id. 344, 348; affd., 166 N. Y. 631; *Edelman* v. *Wechsler*, 245 App. Div. 748; Restatement of the Law of Contracts, § 318; 5 Williston on Contracts [Rev. ed. 1937], § 1328.)

In *Kelly* v. *Security Mutual Life Insurance Co.* (186 N. Y. 16), where plaintiff sued for damages for breach of a contract of life insurance because defendant company had declared the policy void and forfeited and refused to continue it in force, Judge VANN of the Court of Appeals states the law as follows (at p. 19):

" This was not a breach of the contract, because the time for performance by the defendant had not arrived. An attempt to repudiate such a contract does not make it due. If the maker of a promissory note, given for borrowed money and due one year after date, notifies the holder the next day that he repudiates it and will not pay it, can the holder sue at once? Can a mortgagor make his mortgage due before the law day by repudiating it in advance?

" The rule that renunciation of a continuous executory contract by one party before the day of performance gives the other party the right to sue at once for damages, is usually applied only to contracts of a special character, even in the jurisdictions where it obtains at all. It is not generally applied to contracts for the payment of money at a future time and in some States the principle is not recognized in any way whatever.   *   *   *   In this State it seems to be limited to contracts to marry (*Burtis* v. *Thompson*, 42 N. Y. 246); for

personal services (*Howard* v. *Daly*, 61 N. Y. 362) and for the manufacture or sale of goods (*Windmuller* v. *Pope*, 107 N. Y. 674; *Nichols* v. *Scranton Steel Co.*, 137 N. Y. 471)."

In *McCready* v. *Lindenborn* (*supra*, at p. 408) the court declared: " The breach of an agreement to pay money in installments is not a breach of the entire contract and will not permit a recovery of all the damages in advance. (*Wharton & Co.* v. *Winch*, 140 N. Y. 287.)"

And (at p. 409) : " There seems to be a distinction, whether well grounded in principle or not, between a contract for the payment of money in future installments and a contract for the delivery of goods in future installments ( *Nichols* v. *Scranton Steel Company*, 137 N. Y. 471), as well as a contract for future employment and service. (*Howard* v. *Daly*, 61 N. Y. 362.) We think that the contract before us should be governed in this respect by the principle laid down in *Wharton & Co.* v. *Winch* (*supra*).''

In *Werner* v. *Werner, No. 3* (*supra*), this court said (at p. 14) : " It has been expressly held that a breach of a contract to pay money in future installments gives no right to bring suit until the future day is reached, or, in other words, that the doctrine of anticipatory breach does not apply to a contract to pay money at a future date."

Applying the law thus enunciated to the facts here, it is clear that the letter of December 18, 1937, sent by plaintiff to defendants was of no effect and that such act did not constitute an anticipatory breach by plaintiff of its contract with defendants. There was no default by plaintiff existing during the month of December, 1937, and defendants were bound by the terms of the indenture to deliver to plaintiff the release from the mortgage of the parcel contracted to be sold. On the date when the release was requested, defendants could not have instituted any action against the plaintiff to enforce the debt secured by the mortgage because there could have been no default by plaintiff of its obligation to pay the interest on the bonds until the time for payment, to wit, on January 1, 1938. Defendants accordingly were in no position to refuse to perform on their part before that date; though they had received a communication from plaintiff that the interest on the bonds would not be paid on its due date, that constituted no legal default before the day of payment had arrived. Where a mortgage or a note fixes a certain date as the time for its payment, there can be no legal default before the maturity of the debt as thus fixed. (*Roehm* v. *Horst*, 178 U. S. 1, 17; 41 C. J. 846, § 1024 (b) ; *Harrold* v. *Warren*, [Tex. Civ. App.] 46 S. W. 657.)

As equity looks upon that as done which ought to be done Bispham's Principles of Equity [11th ed.], p. 32; *Griswold* v. *Griswold*,

7 Lans. 72, 74; affd., 52 N. Y. 631), the parcel of land contracted to be sold by plaintiff is held to be released from the mortgage upon payment of twenty per cent of the gross selling price, pursuant to the terms of indenture, and plaintiff is to retain to its own use the remaining eighty per cent of the selling price, whether the January 1, 1938, interest is paid or not.

Judgment accordingly should be granted to the plaintiff as indicated, but, pursuant to stipulation, without costs.

MARTIN, P. J., GLENNON, DORE and CALLAHAN, JJ., concur.

Judgment directed in favor of the plaintiff, without costs. Settle order on notice.