## KUHN v. PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA et al.

District Court, S. D. New York.

Jan. 23, 1941.

See, also, 37 F.Supp. 100.

Davidson & Davidson, of New York City (Louis B. Davidson, of New York City, of counsel), for plaintiff.

Katz & Sommerich, of New York City (Henry I. Fillman and Irving S. Freedman, both of New York City, of counsel), for defendants.

GODDARD, District Judge.

Defendants have moved the court for the following relief:

(1) For an order pursuant to Rule 12 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c (a) dismissing the first and second causes of action against the defendant, Pacific Mutual Life Insurance Company of California; (b) dismissing the second cause of action against the defendant, Pacific Mutual Life Insurance Company for failure to

state a claim upon which relief can be granted;

(2) For an order striking out the first cause of action, subdivision A, against the defendant, Pacific Mutual Life Insurance Company, on the ground that it is not properly contained in the amended complaint; and

(3) For an order pursuant to Rule 12 (e) of the Federal Rules of Civil Procedure directing the plaintiff to serve a bill of particulars of his amended complaint.

This action is predicated upon a non-cancellable health and accident policy issued to the plaintiff in 1927 by the defendant, Pacific Mutual Life Insurance Company of California (hereinafter called the "Old" company). The said policy provided that the company was to pay to the plaintiff in the event of total disability through accident or sickness the sum of $400 per month, and in the event of partial disability, the sum of $200 per month.

The plaintiff alleges that on August 10, 1932, he became permanently disabled and filed appropriate proofs of claim with the "Old" company. The company refused to pay and sent a notice of recission and cancellation of the policy to the plaintiff, alleging that plaintiff had been guilty of misrepresentation at the time of the application for the policy. On December 24, 1934, plaintiff instituted an action against the "Old" company in the Supreme Court, New York, for $6,350 with interest for disability benefits under the policy for the period from August 10, 1932, to December 24, 1934, and judgment for the plaintiff for the sum of $8,918.70 was rendered in February, 1940. In 1936 the "Old" company filed a petition in the California court for liquidation and a new company, the Pacific Mutual Life Insurance Company (hereinafter called the "New" company) was formed as a successor company to take over the assets of the "Old" company, and in consideration of the transfer the "New" company assumed certain liabilities of the "Old" company, including its obligation under the non-cancellable policies.

In the case at bar the old and the new companies are made defendants. The "First" cause of action alleged is against the "Old" company and is to recover the sum of $11,842, that amount being the accrued disability payments from December 25, 1934, to August 8, 1938. The "Second" cause of action is also against the "Old" company and is for the sum of $112,000 for damages based upon the wanton, wilful and contumacious repudiation of the contract by the "Old" company, making it liable for damages on the theory of anticipatory breach of contract. The "Third" cause of action, subdivision A, alleged in the complaint is against the "New" company and is to recover the sum of $8,918.70 with interest thereon representing the judgment recovered against the "Old" company in the New York Supreme Court action referred to above. Liability of the "New" company is predicated on the assumption by it of the "Old" company's liabilities. Subdivision B of this cause of action is against the "New" company and seeks to recover the sum of $11,842 with interest, arising out of the "Old" company's failure to make disability payments from December 25, 1934, to August 8, 1938. The theory of the "New" company's liability is against the alleged assumption of liability undertaken by that company as hereinbefore set forth. The "Fourth" cause of action alleged is against the "New" company to recover $112,000 being damages allegedly sustained by the plaintiff since August 8, 1938, by reason of the wrongful, wilful and contumacious repudiation by the "New" company of its agreement whereby it obligated itself to assume the liabilities of the "Old" company.

With respect to the first two causes of action alleged against the "Old" company defendants contend that under the terms of the rehabilitation and reinsurance agreement (a copy thereof being annexed to the moving papers) entered into between the "Old" and "New" companies on July 22, 1936, and approved by the California court, the plaintiff, in electing to accept the reinsurance and assumption of liability provided for in said agreement, is deemed to have entered into a novation with the "New" company and to have released the "Old" company from any and all liability; that by instituting suit against the "New" company under the rehabilitation and reinsurance agreement, the "Old" company has been released from all liability.

A motion to dismiss a complaint under Rule 12(b) is made before answer. On such a motion allegations of the complaint are deemed admitted for the purpose of the motion and if these allegations by themselves constitute a cause of action, the motion must be denied. The defendants herein are attempting by way of affidavit

to assert new matter purporting to show a novation and release as mentioned above. These matters are properly interposed in an answer, Rule 8(c), and cannot be availed of upon a motion to dismiss under Rule 12 (b). That rule is to be compared with old Equity Rule 29, 28 U.S.C.A. following section 723, by which only defenses in point of law arising upon the face of the bill "could be raised by a motion to dismiss". This prohibition against "speaking demurrers" existed under the old practice and exists likewise under new Rule 12(b). See Holtzoff, Federal Procedure, p. 34; Proceedings of New York Symposium on Federal Rules (1936) 300–302; McConville v. District of Columbia, D.C., 26 F.Supp. 295; Sherover v. John Wanamaker, D.C., 29 F. Supp. 650; Sarnowski v. Luckenbach Steamship Co.[1] But see Alabama Independent Service Station Assn. Inc. v. Shell Petroleum Corp., D.C., 28 F.Supp. 386. The new rules with their provisions for ·judgment on the pleadings and summary judgment afford ample method for defendants having valid defenses. The motion to dismiss the "First" and "Second" causes of action against the "Old" company on these grounds is therefore denied without prejudice to the defendants setting up these defenses in their answer or other appropriate application.

■ In plaintiff's first cause of action against the "New" company, subdivision A, he alleges that a judgment for accumulated disability payments was rendered in his favor in the New York Supreme Court and that the "New" company is liable therefor on its assumption of the obligation of the "Old" company. Defendants contend that this cause of action was not pleaded in the original complaint, which was dismissed by a judge of this court with leave to the plaintiff to amend his complaint separately stating his causes of action against each defendant and consequently it is improper for the plaintiff, in repleading, to set up a new cause of action against the "New" company. Upon examination it appears that the substance of this cause of action was in fact pleaded in the original complaint. The defendants are in no position to now object because this cause of action is separately set forth in this amended complaint, for in a prior motion they asked for this clarification of the pleading. In any event, this new cause of action is proper in an amended pleading. Rule 15(a) Federal Rules of Civil Procedure states—"A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served * * *".

The defendants have not as yet served their answer. Plaintiff ought to be permitted to set up a new cause of action in his amended complaint pursuant to Rule 15(a). This right is inferentially recognized by Rule 15(c). Compare Ronald Press Co. v. Shea, D.C., 27 F.Supp. 857; L. E. Whitham Const. Co. v. Remer, 10 Cir., 105 F.2d 371; see, also, Rules 14 and 18(a) of Federal Rules of Civil Procedure. I think that it is proper for the plaintiff to set up in his amended complaint a new cause of action arising out of the same transaction alleged in his original pleading. Defendants' objection thereto is overruled.

The defendants further move to dismiss the second causes of action asserted against the "Old" company and the "New" company, respectively, on the ground that the doctrine of anticipatory breach of contract does not apply to breaches of disability insurance contracts. The policy sued upon provides that the company will pay the assured a certain sum per month for the period of disability which presupposes a "continuous, necessary and total loss of all business time". Partial disability is also compensable for a period up to six months. The complaint alleges the plaintiff has fully performed the contract on his part and that the defendants have wilfully, wantonly and contumaciously repudiated the contract. The allegation of repudiation is buttressed by allegations that in the prior New York· State Court action upon the policy the "Old" company counterclaimed for cancellation and rescission on the ground of misrepresentation.

■ An examination of both the New York and federal cases reveals that there is considerable conflict of opinion as to applicability of the doctrine of anticipatory breach in certain situations. This doctrine of anticipatory breach, though criticized, is well imbedded in our law. Roehm v. Horst, 178 U.S. 1, 20 S.Ct. 780, 44 L.Ed. 953. The New York cases refuse to extend this theory to breaches of agreements to pay money in installments, and clearly state that the failure to pay one installment does not operate to accelerate the remaining installments. Certainly, it must be conceded

---

[1] No opinion for publication.

that the law of New York does not apply the doctrine of anticipatory breach in the repudiation of an executory contract for the payment of money only, in installments or otherwise. McCready v. Lindenborn, 172 N.Y. 400, 65 N.E. 208; Edelman v. Wechsler, 245 App.Div. 748, 280 N.Y.S. 259. This rule has been applied to contracts of insurance. Langan v. Supreme Council Am. L. of H., 174 N.Y. 266, 66 N.E. 932; Kelly v. Security Mutual Life Insurance Co., 186 N.Y. 16, 78 N.E. 584, 9 Ann.Cas., 661; Killian v. Metropolitan Life Ins. Co., 251 N.Y. 44, 166 N.E. 798, 64 A.L.R. 956; Werner v. Werner, 169 App.Div. 9, 154 N.Y.S. 570; Gilbert v. New York Life Insurance Co., 238 App. Div. 544, 264 N.Y.S. 610; Indian River Islands Corp. v. Manufacturers Trust Co., 253 App.Div. 549, 2 N.Y.S.2d 860; Donlen v. Fidelity & Casualty Co., 117 Misc. 414, 192 N.Y.S. 513. Contra Wolfe v. Washington Life Insurance Co., 63 Misc. 571, 118 N.Y.S. 599; Robbins v. Travelers Insurance Co., 151 Misc. 151, 269 N.Y.S. 841, affirmed 241 App.Div. 350, 272 N.Y.S. 551.

It is true that in Robbins v. Travelers Insurance Co., supra, the trial court distinguishes the leading New York cases and sustained a cause of action predicated on anticipatory breach upon a disability policy. The Appellate Division affirmed, expressly passing no opinion regarding the propriety of permitting the anticipatory breach cause of action to stand. By inference the Appellate Division reversed this holding by vacating the warrant of attachment to the extent that it covered damages claimed by reason of the anticipatory breach. See record on appeal Robbins v. Travelers Insurance Co., 242 App.Div. 816, 275 N.Y.S. 645. Compare Radin v. Massachusetts Accident Co., 256 App.Div. 803, 9 N.Y.S.2d 403. The Robbins case is further weakened by its reliance upon Federal Life Insurance Co. v. Rascoe, 6 Cir., 12 F.2d 693, which has been disapproved twice by the Supreme Court. Mobley v. New York Life Insurance Co., 295 U.S. 632, 55 S.Ct. 876, 79 L.Ed. 1621, 99 A.L.R. 1166; New York Life Insurance Co. v. Viglas, 297 U.S. 672, 56 S.Ct. 615, 80 L.Ed. 971.

I am of the opinion that the cause of action under attack comes within the New York rule excluding the doctrine of anticipatory breach in the case of repudiation of an executory contract to pay money in the future, whether such payments be in installments or otherwise. This view has the support of a number of authorities. 5 Williston on Contracts, Rev.Ed, § 330A; Restatement of the Law of Contracts, Vol. 1, § 318; LaVecchia v. Connecticut Mutual Life Insurance Co. of Hartford, Conn., D. C., 1 F.Supp. 588; Wyll v. Pacific Mutual Life Insurance Co. of California, D.C., 3 F.Supp. 483; Duke v. State Life Insurance Co., D.C., 4 F.Supp. 138; Ginsburg v. Pacific Mutual Life Insurance Co. of California, D.C., 5 F.Supp. 296, reversed on other grounds, 2 Cir., 69 F.2d 97; Cobb v. Pacific Mutual Life Insurance Co., 4 Cal.2d 565, 51 P.2d 84; see cases cited in New York Life Insurance Co. v. Viglas, supra.

The second cause of action against the "Old" company and the second cause of action, subdivision B, against the "New" company are therefore dismissed.

Defendants have also moved for a bill of particulars covering various items, which is granted except as to items "b", "c", "d" and "e" thereof. The complaint is sufficiently clear without these items "b", "c", "d" and "e" to enable the defendants to answer. Any further information desired by defendants may be obtained by means of an examination before trial.

Settle order on notice.