**COLBURN et al. v. BIRR et al.**

No. 44 C 750.

District Court, N. D. Illinois, E. D.

Feb. 13, 1945.

Brayton G. Richards, of Chicago, Ill., for plaintiffs.

Harold Olsen, of Chicago, Ill., for defendants.

LA BUY, District Judge.

In re motion for leave to file an amendment to complaint. The original complaint involves the Birr patent, 21,193,759, and the action is based on section 4915 of Rev. Stats., 35 U.S.C.A. § 63, unfair competition, and request for declaratory decree holding said patent invalid and request for damages. The proposed amendment introduces for the first time the Martin and Grunwald patents, 1,479,664 and 2,193,589, which are alleged to be owned or claimed to be owned by one of the defendants, Steiner Sales Company.

Rule 15(c), 28 U.S.C.A. following section 723c, provides that "whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Under this rule an amendment cannot be permitted which sets up a new and distinct cause of action unrelated to that alleged in the original complaint. It cannot be a deviation and the amendment must be such as "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." A plaintiff may set up in his amendment a new cause of action arising out of the same transaction alleged in the original pleading. Kuhn v. Pac. Mut. Life Ins. Co., D.C.S.C.N.Y., 1941, 37 F. Supp. 102. The allegations of the proposed amendment in no way connect with or relate back to the claims in the original complaint.

Rule 20 cannot be applied for that rule pertains to the "same transaction, occurrence, or series of transactions or occurrences."

If the plaintiff had included the Martin and Grunwald patents in his original complaint, it would have been a misjoinder of causes. Hooper v. Langston, D.C., 56 F.Supp. 577. To allow the plaintiff to bring the Martin and Grunwald patents into the case by amendment renders it no less a misjoinder of causes and improper.

For the reasons above stated the motion for leave to file the amendment is overruled.