Harry Gittleson, J.
In an action to recover damages for the alleged breach of a disability income insurance policy, plaintiff moves to strike defendant’s affirmative defense that the complaint fails to state a cause of action and defendant cross-moves to dismiss plaintiff’s second cause of action on the ground that it fails to state a cause of action. In view of the cross motion, it appears that defendant’s affirmative defense is directed merely to the second cause of action and thus we concern ourselves solely as to its sufficiency. In substance, it alleges the issuance by defendant to plaintiff of a policy of insurance whereby defendant agreed to pay plaintiff $200 per month during plaintiff’s total disablement arising out of bodily injuries sustained as a direct result of an accident; that on March 17, 1962, plaintiff sustained as a direct result of an accident bodily injuries whereby he became totally incapacitated and that such disablement is upon information and belief of a permanent nature; that plaintiff furnished to defendant proof of such accident and of the total disability and at the request of the defendant, submitted himself to examination by physicians representing the defendant; that no part of the amount due under the policy has been paid to plaintiff except $1,340 and that based upon the life expectancy of the plaintiff there became due to him the sum of $100,000.
It is evident that plaintiff’s second cause of action is based upon the doctrine of anticipatory breach which gives one the right to sue immediately for damages upon the renunciation of a continuous executory contract by the other party before the day of performance. Such doctrine has usually been applied to contracts of a special character and “has no application to contracts for the payment of money only, in installments or otherwise” (Indian Riv. Islands Corp. v. Manufacturers Trust Co., 253 App. Div. 549, 551; Sinkwich v. Drew Co., 9 A D 2d 42). In Kelly v. Security Mut. Life Ins. Co. (186 N. Y. 16, 19) the court said: “ In this State it seems to be limited to contracts to marry (Burtis v. Thompson, 42 N. Y. 246); for personal services (Howard v. Daly, 61 N. Y. 362) and for the manufacture or sale of goods (Windmuller v. Pope, 107 N. Y. 674; Nichols v. Scranton Steel Co., 137 N. Y. 471)”. Thus the doctrine has been held not to apply to insurance contracts (Kelly v. Security Mut. Life Ins. Co., 186 N. Y. 16, supra; Gilbert v. New York Life Ins. Co., 238 App. Div. 544; Marciano v. Metropolitan Life Ins. Co., 179 Misc. 758; New York Life Ins. Co. v. Viglas, 297 U. S. 672) inclusive of disability policies (Donlen v. Fidelity & Cas. Co., 117 Misc. 414; Kuhn v. Pacific Mut. Life Ins. Co., 37 F. Supp. 102; Kithcart v. Metropolitan Life Ins. Co., 1 F. Supp. 719; *327 Erreca v. Western States Life Ins. Co., 19 Cal. 2d 388; Howard v. Benefit Assn. of Ry. Employees, 239 Ky. 465; Rishmiller v. Prudential Ins. Co., 192 Minn. 348).
In New York State two cases are found to have reached a contrary conclusion with respect to policies of insurance involving disability benefits. In Robbins v. Travelers Ins. Co. (151 Misc. 151) the court sustained a complaint for a breach of contract seeking damages for accrued disability benefits and also for the present value of the contract computed in accordance with the allegations concerning plaintiff’s expectancy of life. Upon appeal, the Appellate Division (241 App. Div. 350) affirmed Special Term stating that since the complaint at least stated a cause of action for the accrued disability benefits, it would not consider whether or not plaintiff had a right to recover the total value of the policy on the theory of anticipatory breach. Thereafter Special Term (155 Misc. 384) vacated plaintiff’s warrant of attachment to the extent that it covered damages claimed by reason of the anticipatory breach. The latter determination was affirmed by the Appellate Division (242 App. Div. 816). It would thus appear that inferentially the Appellate Division disapproved of the holding of Special Term that plaintiff stated a cause of action for anticipatory breach. In Bell v. Mutual Health & Acc. Assn. (19 Misc 2d 754) the court held that an action for anticipatory breach of an accident and health policy could be maintained where there is a complete repudiation of the contract by the insurer. It said as follows (pp. 755-756): “ That is not to say that the insurer in such policies may not contest the right to payments if it believes the disability does not exist, but if it calls off the whole arrangement, cancels the policy and refuses future premiums, plaintiff with legitimate claims should not be forced to resort to repeated lawsuits. ’ ’
No case is found within the State of New York which sets forth a similar view, but in other jurisdictions such opinion is not infrequent (see, e.g., Commercial Travelers Cas. Co. v. Dymke, 279 S. W. 2d 405 [Texas]; Metropolitan Life Ins. Co. v. Schneider, 99 Ind. App. 570; Travelers’ Ins. Co. v. Turner, 239 Ky. 191; Travelers Ins. Co. v. Lancaster, 51 Ga. App. 390; Home Life Ins. Co. v. Ward, 189 Ark. 793). In any event, even if this view were to be adopted herein, plaintiff could not be aided thereby. There is no showing in the complaint of a complete repudiation of the contract or an intentional abandonment equivalent thereto. The affidavit submitted by the plaintiff which may be examined to determine the sufficiency of a complaint (CPLR 3211, subd. [c]) shows that the defendant had *328 made payment to the insured under the terms of the policy until October 15, 1962; that since then plaintiff has continued to pay to the defendant the premiums required under the terms of the policy. This evidence negates the assertion of a complete repudiation of the contract. In Kearney v. Washington Nat. Ins. Co. (15 F. Supp. 148, 149) the court said: “ Repudiation or breach of the contract sufficient to support an action for full amount of future benefits based on insured’s life expectancy on the theory of anticipatory breach cannot be inferred alone from such failure by the insurer to pay installment benefits when, during the time of such failure * * * the insurer has been accepting the payment of premiums under the policy.” Accordingly there is no basis to sustain the validity of the second cause of action. Under the circumstances, plaintiff’s motion is granted to the extent that the affirmative defense is stricken with respect to the first and third causes of action and defendant’s cross motion to dismiss the second cause of action is granted.